IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS DAVIS,<br><br>         Plaintiff,<br><br>   v.<br><br>ELITE MORTGAGE SERVICES, INC.,<br>DECISION ONE MORTGAGE CO.,<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC., MELVIN BROOKS,<br>LeANDRE BURNETT, LORI WESTERFIELD,<br>EARNEST TERRELL ROWELL, JOHNNIE<br>PIERRE, NOVASTAR MORTGAGE, INC., and<br>ALL UNKNOWN CLAIMANTS,<br><br>         Defendants. | No. 06 C 2648<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Defendant/Third-Party plaintiff, Decision One Mortgage Co., LLC, ("Decision One") filed an eight count Third-Party Complaint against Third-Party defendants, Chicago Title Insurance Company ("Chicago Title") and Premier Title Company/Premier Partnership Services, LLC. Specifically, Count I of the Third-Party Complaint seeks declaratory judgment and indemnification under a title insurance policy issued by Chicago Title. Chicago Title has filed a motion to dismiss Count I of the Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Decision One's coverage under the title insurance policy was terminated when the mortgage was paid off. For the reasons discussed below, Chicago Title's motion to dismiss is denied.

**BACKGROUND**[1]

On April 30, 2004, Decision One made a loan to defendant Earnest T. Rowell ("Rowell") in the principal amount of $160,000 (the "Rowell Loan"), purportedly to buy the residential property located at 2737 West Washington Boulevard in Chicago, Illinois (the "Property") from plaintiff Thomas Davis. The Rowell Loan was secured by a first mortgage on the Property. In connection with the Rowell Loan, Decision One purchased title insurance from Chicago Title (the "Title Policy").

The Title Policy, issued on May 10, 2004, insured Decision One against "loss or damage ... sustained or incurred by the insured by reason of: [t]itle to the estate or interest ... being vested other than as stated therein, [] [a]ny defect in or lien or encumbrance on the title; ... [and] [t]he invalidity or unenforceability of the lien of the insured mortgage upon title." The Title Policy further provided that Chicago Title was obligated "at its own cost and without unreasonable delay," to "provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy."

In May 2006, defendant Novastar Mortgage Inc. ("Novastar") paid off the mortgage in favor of Decision One in the amount of $167,492.35, when Novastar's borrower, defendant Johnnie Pierre ("Pierre"), purchased the Property from Rowell. On July 13, 2006, Decision One filed a Release of Mortgage with the Cook County Recorder of Deeds stating that the Rowell Loan was cancelled and discharged.

---

[1] For purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel Around the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

In December 2007, Davis filed a fourteen-count third amended complaint, naming Decision One as a defendant.[2] Davis alleges that the defendants organized a fraudulent scheme to persuade him to sign documents that he believed would refinance his home but which instead conveyed his home to a third party. He seeks, among other things, to void the deed transferring title to Rowell, invalidate Decision One's prior mortgage, and rescind Novastar's payoff of Decision One's mortgage and the deed to Pierre.

**DISCUSSION**

In support of its motion to dismiss Chicago Title argues that the Title Policy is not enforceable because, by its terms, any interest or estate that Decision One had in the Property was terminated on July 13, 2006, when Decision One recorded the Release of Mortgage. Decision One counters that the Title Policy is enforceable and the motion to dismiss should be denied because: (1) Decision One still has an interest in the property within the terms of the Title Policy; or in the alternative, (2) the policy language upon which Chicago Title relies is ambiguous.

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pled allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. See McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). The

---

[2] The facts of the underlying amended complaint are set forth more fully in Davis v. Elite Mortg. Services, Inc., 592 F.Supp.2d 1052 (N.D.Ill. 2009).

complaint must, nevertheless, plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

Decision One concedes that Novastar paid off the Rowell Loan in favor of Decision One in May 2006. It alleges, however, that if Davis is successful in his claim and the payoff is rescinded, Chicago Title remains liable under the Title Policy. Chicago Title argues that under the holding of First Midwest Bank, N.A., v. Stewart Title Guar. Co., 355 Ill.App.3d 546 (1st Dist. 2005), the termination provision of a title policy must be enforced as written, and in the absence of an express condition or stipulation, a release once signed is final. Chicago Title therefore argues that under the express language of Condition and Stipulation 2(b) of the Title Policy,[3] Decision One's estate and interest in the Property were terminated when the release was signed.

As a preliminary matter, the facts and legal issue in First Midwest, although related, are readily distinguishable from the instant case. In First Midwest a lender issued two successive loans to a buyer to purchase and develop a piece of real estate. The lender purchased title insurance to secure the loans. The buyer later refinanced the two initial loans and obtained a

---

[3] Condition and Stipulation 2(b) ("Condition 2(b)") of the Title Policy provides:

After Conveyance of Title. The Coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor or any purchaser from the insured of either (1) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

4

wraparound loan for which the lender purchased a separate title insurance policy. After payoff and release of the initial two loans were completed, the lender discovered that a restrictive covenant had been recorded against the property that frustrated the purpose for which the loans had been made. The lender brought suit against the first title company seeking a declaratory judgment for liability under the initial title policy. The court, relying on the express terms of the "Reduction or Termination of Liability" clause and the related "Condition and Stipulation" clause of the policy, held that where a mortgage loan that is insured by a title policy is paid or voluntarily satisfied, the insurer's liability under the title policy is terminated. Notably, the court did not address the issue posed by the instant case: the effect of the potential rescission of a series of real estate transactions on the payoff and release of a mortgage and coverage under a related title insurance policy.

Further, Condition 2(b) is not relevant in the instant case because Decision One was never in a position to convey title to the Property. It merely held a first lien on the Property. Moreover, there is no other provision of the Title Policy directly addressing the circumstances here. Although the "Reduction or Termination Liability" clause[4] of the Title Policy addressing payoff and release would seem to apply, it does not because if Davis prevails in his claim for declaratory relief, the payoff and release will be rescinded along with the rest of the related sale and loan transactions.

As stated above, the operative legal issue here centers on the effect of a potential

---

[4] Paragraph 9(c) provides: "Payment in full by any person or any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations."

rescission on the underlying contracts. Rescission is an equitable remedy available at the discretion of the court to restore the parties to the positions they would have occupied at the time the rescinded contracts were executed. Williams v. Dunas, 40 Ill.App.3d 782, 784 (1st Dist. 1976). Even though the Rowell Loan was paid off and released with monies made available to Pierre by the Novastar mortgage, in the event Davis succeeds in obtaining declaratory relief the payoff would be rescinded, Decision One will be obligated to return the payment to Pierre and/or Novastar, Decision One's lien on the Property would be invalidated, and Decision One would be rendered an unsecured creditor to Rowell. It would be inequitable for the court to grant rescission as to all contracts and simultaneously allow Chicago Title to escape liability for a risk against which it originally insured Decision One.

## **CONCLUSION**

For the reasons set forth above, defendant Chicago Title's motion to dismiss Count I of the Third Party Complaint is denied.

**ENTER:** June 1, 2009

_____
**Robert W. Gettleman
United States District Judge**